## WILLIAM WHITE .

### *v.*

## MINERVA MERRELL.

1. RECEIPTS — CONTRACTS — *what constitutes.* Upon the payment of money for a given purpose, an instrument was given in return, as follows: "Received of Minerva Merrell the sum of three hundred dollars to be credited on the mortgage notes of N. C. Merrell, deceased, and if not redeemed, the above amount is not to be repaid to claimants of said estate. April 20th, 1861." *Held,* that this was not a contract, but a simple receipt, not distinguishable from an ordinary receipt for money.

2. PAROL EVIDENCE — *in explanation of written instruments.* Being only a receipt for money, it was competent to explain its terms, and the circumstances under which it was given, by parol evidence.

3. Could it have been regarded as a contract, however, providing for the performance of any act on the part of the one executing it, parol evidence would have been inadmissible to vary its terms or to explain its object.

4. IMPLIED PROMISE *to refund money.* The money was paid, in this case, by Mrs. Merrell upon a contract with the holder of the mortgage debt incurred by her husband, by which, if she made certain payments, the property mortgaged was to be secured to her, otherwise the money which she might pay was to be refunded. The mortgagee foreclosed his mortgage and obtained satisfaction thereby of his entire debt, giving no credit for the money thus paid by Mrs. Merrell. But if there had been no express promise to refund the money, the law would have implied a promise to do so, upon its appearing that the money had not been applied upon the mortgage debt as agreed upon.

APPEAL from the Circuit Court of Jefferson county: the Hon. SAMUEL S. MARSHALL, Judge, presiding.

Minerva Merrell commenced an action of assumpsit in the Circuit Court of Marion county, against William White; the cause was removed, on change of venue, into the Circuit Court of Jefferson county.

The declaration contained the common money counts only; issues were made up and the cause came on for trial. To maintain the issues on her part, the plaintiff introduced in evidence the following instruments:

"Received, Salem, Marion county, Illinois, April 20th, Minerva Merrell, the sum of three hundred dollars to be credited on the mortgage notes of N. C. Merrell, deceased, and if not redeemed, the above amount is not to be repaid to claimants of said estate. April 20th, 1861.

WILLIAM WHITE."

"$135.00. Received, Salem, Illinois, of Mrs. Minerva Merrell, the sum of one hundred and thirty-five dollars, to be credited upon the notes of N. C. Merrell, given for the mortgage property of part of lot one, in block one, in Salem, which money is not to be repaid to any claimant in case the said property is not redeemed. Salem, Marion county, Illinois, May 27th, 1861.

WILLIAM WHITE."

The facts connected with the giving of these instruments, are these: The plaintiff, Minerva Merrell, was the widow of N. C. Merrell, deceased, and was in possession of a certain lot of ground which had been mortgaged by her husband, in his lifetime, to the defendant White, to secure a considerable debt which he was owing him. Mrs. Merrell, desiring to relieve the lot of the incumbrance and get a title to the property, entered into a contract with White, by which she was to pay him one thousand dollars before the entire debt should become due, and one thousand dollars annually thereafter, until the whole debt should be paid, upon accomplishing which, she was to get title to the property. She accordingly paid to White at different times, certain sums of money, as expressed in the instruments above mentioned, which he executed upon receiving the money.

White being called upon to explain those instruments at the time they were given, said, that by "claimants" he referred to Richard Atkin and his wife, the latter being a daughter of N. C. Merrell, deceased; that the money paid by the plaintiff was not to be credited on the notes to secure which the mortgage had been given, or in any way inure to the benefit of Mrs. Atkins, or any other claimants who might redeem from the mortgage. That in case of redemption by any such claimants the money paid by Mrs. Merrell was to be refunded. That the plaintiff was to pay him one thousand dollars before the last note matured, and the same amount annually thereafter, until the whole debt was paid; if she did not complete the payment of the first thousand dollars within the time mentioned, she was to be permitted to complete it before the foreclosure of the mortgage and sale of the property. If she paid the money by that time the certificate of purchase was to be taken to inure to her benefit. If, however, she did not make the first payment of one thousand dollars by that time, the contract was to be at an end, and the money paid thereon by her was to be paid back.

Mrs. Merrell made no further payments than those indicated in the receipts. White proceeded to foreclose his mortgage, obtaining a decree for the whole amount of his debt, not taking into account or crediting the amounts paid him by Mrs. Merrell. The property was sold under the decree, White becoming the purchaser, and at the expiration of the time of redemption, received a conveyance, Mrs. Merrell then surrendering to him the possession of the premises.

Subsequently, she brought this suit to recover back the sums of money she had paid White, as indicated in those receipts. This explanation of the understanding concerning the payment of the money by Mrs. Merrell, and the giving of the receipts by White, was by parol evidence, which was objected to by White, he insisting that the instruments referred to were not simple receipts for money which could be varied in their terms or explained by parol, but were contracts of such character that they could not properly be explained by extrinsic testimony. But the Circuit Court overruled the objection, and the parol

65

testimony was admitted, and exception taken. The issues were found in favor of the plaintiff, a motion for a new trial denied, and judgment entered against the defendant for $840. There-upon he took this appeal. The only question presented is as to the character of the receipts given in evidence by the plaintiff; whether they partake of the nature of simple receipts for money, subject to explanation by parol, or to be considered as contracts to be controlled only by the terms expressed in the writings.

Messrs. WILLARD & GOODNOW, for the appellant.

Messrs. JAMES BASSETT and B. B. SMITH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit commenced in Marion and transferred to Jefferson county by change of venue. The declaration only contained the common money counts. On the trial below, the plaintiff read in evidence, against the objections of the defendant, these instruments:

" Received, Salem, Marion county, Illinois, April 20th, Minerva Merrell, the sum of three hundred dollars, to be credited on the mortgage notes of N. C. Merrell, and if not redeemed, the above amount is not to be repaid to claimants of said estate. April 20th, 1861.
" WILLIAM WHITE."

" $135.00. Received, Salem, Illinois, of Mrs. Minerva Mer-rell, the sum of one hundred and thirty-five dollars, to be cred-ited upon the notes of N. C. Merrell, given for the mortgage property of part of lot one, in block one, in Salem, which money is not to be repaid to any claimant in case the said property is not redeemed. Salem, Marion county, Illinois, May 27th, 1861.
" WILLIAM WHITE."

And called witnesses to prove the objects for which they were given, as well as the agreement of the parties upon which the money was paid.

It appears from the evidence, that the money specified in these receipts was never credited upon the notes referred to in those instruments; that the mortgage had been foreclosed for the full amount of the debt, and that the premises had been sold and purchased in satisfaction of the decree, by appellant; the redemption had expired, and appellee had surrendered possession to appellant. Appellant likewise proved that the notes referred to were given to appellant by the husband of appellee, in his lifetime, and to secure which he had executed a mortgage. That appellee being anxious to secure the property, undertook to redeem it, and it was agreed that if she should pay one thousand dollars by the time the last note matured, and one thousand dollars yearly thereafter, until the debt should be paid, she should then obtain the title to the mortgaged premises. That the money she might thus pay should not be credited upon the notes, or in any manner inure to the benefit of Atkins' wife, or any other claimant who might redeem. That in case the property should be redeemed by such claimants, the money paid under this agreement was to be refunded. That if she failed to complete the payment of the first thousand dollars when the notes matured, she was to be permitted to do so before a foreclosure and sale of the property. If paid by that time, the certificate of purchase was to inure to her benefit; but if she failed to pay by that time, the contract was to be at an end, and the money repaid to her.

It is insisted that the instruments introduced in evidence are not of the character that admit of explanation by parol evidence; that if they were merely receipts, such evidence would be admissible, but that these are something more than receipts; that they are written contracts. If this be true, so far as they operate as agreements, they cannot be explained, contradicted or varied. But we do not perceive that they are agreements. They acknowledge the receipt of specific sums of money, to be credited on certain "mortgage notes," which, if not redeemed, is not to be paid to claimants against the estate of appellee's husband. This is not a contract, as it relates to the performance of no act by the parties. They only, in addition to

acknowledging the receipt of the money, specify that it shall not be applied to the benefit of a particular class of individuals. This only limited the application of the money. These instruments are not distinguishable from ordinary receipts for money.

Independent of this money, and out of the mortgaged property, appellant has received satisfaction of his debt against the deceased husband of appellee. He had not allowed these sums as payments upon the mortgage debt. In these receipts he states that the money is to be credited on the mortgage debt, but, failing so to do, we are at a loss to perceive upon what principle of law or justice he can claim this money. He has given no consideration for it, but, if permitted to retain it, he to that extent would be twice paid. Independent of all extraneous evidence as to the agreement of the parties, upon its being shown that it was not credited upon the mortgage debt, the law would imply a promise for its repayment. But when the verbal evidence is considered, it appears that there was an express promise.

Again, had appellee desired to redeem the property from the sale under the decree of foreclosure, she would have been compelled to pay a much larger sum than if the credit had been given. This made such a proceeding more onerous, and may have defeated the object in paying this money. It was paid to procure the title to this property. But in no event can appellant be held to be entitled to retain this money. Upon the whole record we are unable to perceive any error, and the judgment is affirmed.

*Judgment affirmed.*