JAMES H. FINCH, Appellant, v. WILLARD PARKER, Respondent.

The General Term has power to pass upon the weight of conflicting evidence; and, in an action, tried by the court or a referee, it is its duty to examine the questions of fact presented; and, if the result is a conviction that the findings are not in accordance with truth, to reverse the judgment for error of fact and direct a new trial, no such power is given to to this court.

Where, in a contract for the conveyance of lands, the payment of the purchase-price, or a portion thereof, is to accompany or precede the delivery of the deed, but no time is fixed for such payment and delivery, the payment is to be made in a reasonable time, or upon request; and a delay of three years and upward after such request, without any excuse therefor, is such laches as will preclude a judgment for specific performance.

Where, by laches, the remedy at law is barred, and the rights to a specific performance forfeited, there can be no recovery of what has been paid upon the contract.

(Argued February 21, 1872; decided March 26, 1872.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial district, affirming a judgment in favor of defendant, entered upon a decision of the court at Special Term, and affirming an order denying a motion for further findings of fact.

The action was brought for the specific performance of a

SICKELS—VOL. IV.     1

contract alleged to have been executed March 26th, 1859, between William W. Young and defendant, and assigned by Young to plaintiff, March 29th, 1872. The court found, substantially, the following facts.

That the defendant and Young purchased, in the year 1855, on joint account, the property and premises described in the complaint. That they continued thus to hold the said property on joint account until the month of March, 1859, when the supposed contract, set forth in the complaint herein, was entered into between defendant and Young for the purpose of settling their joint interest in said property. The contract sued on is not a correct copy of the contract entered into between said Young and defendant. A settlement took place, between the said Young and defendant, of all the accounts and dealings between them, on the 21st of June, 1859; and on that settlement there was admitted to be due to the defendant from said Young $11,413.09. And said Young gave his note to the defendant for $413.09, and the amount of $11,000 was to be paid by four mortgages on the property. That said Young was indebted to the defendant for various other sums arising out of their first transactions, consisting chiefly of promissory notes, amounting to upwards of $10,000. That a contract was made between defendant and Young, under and in pursuance of which the defendant and his wife executed a deed of the first described property and premises to Young. And it was agreed and understood between defendant and Young that said deed and said four bonds and mortgages should be placed and remain in escrow until Young should pay said note of $413.09, and the several notes aforesaid; and when so paid, said deed should be delivered to Young, and said bonds and mortgages delivered to defendant. That the said deed and bonds and mortgages were placed in escrow for the purposes aforesaid. That said Young failed to perform his engagements by paying the said note of $413.09 and the said outstanding obligations to the defendant. That Young duly assigned said contract to plaintiff. That Young and the defendant, after

various negotiations, agreed on a sale of the property at auction, for the purpose of closing their joint interests, at which it was agreed that both parties might bid; that the sale was mainly got up by said Young, and that both were bidders at such sale. That in pursuance of said arrangement a public sale at auction took place on the 22d day of November, 1859. That the defendant bought the portion of the property now held by him at such sale. That no notice of the assignment of the supposed contract was ever given to the defendant prior to the commencement of this action in August, 1864; and, as conclusions of law therefrom, that plaintiff was not entitled to specific performance nor for damages, inasmuch as he never gave notice of the assignment, and never tendered performance until after the lapse of five years, and after the joint interest of the original parties had terminated by a sale, agreed upon by them for that purpose.

*A. Prentice* for the appellant. Plaintiff is entitled to all the rights of his assignor under the contract. (2 Story's Eq., § 783; *Seaman* v. *Van Rensselaer*, 10 Barb., 81; *Moore* v. *Burrows*, 34 Barb., 172, 183; *Leggett* v. *Edwards*, 1 Hop. Ch., 530; Code, § 111.) Plaintiff lost none of these rights by reason of delay. (Code, § 97; *Bruce* v. *Tilson*, 25 N. Y., 194, 196; *Leaird* v. *Smith*, 44 N. Y., 618; *Bucklin* v. *Bucklin*, 1 Keys, bottom of pages 148, 149, 150; *Peabody* v. *Roberts*, 47 Barb., middle of page 103; *Miller* v. *The Mayor, etc.*, 53 Barb., 653; *Bartlett* v. *Judd*, 21 N. Y., 205, middle of page; *Wood* v. *Same*, 26 Barb., 361; *Benson* v. *Tilton*, 24 How., 494; *Fogal* v. *Pirro*, 17 Abb., 113; *Ward* v. *Smith*, 3 Sandf. Ch., 592; *Boerum* v. *Schenck*, 41 N. Y., 183; *Hawley* v. *Creamer*, 4 Cowen, 743.) Defendant held the property in trust. (2 Story's Eq. Jur., §§ 789, 790; id., 1212; 1 Fonbl. Eq., B. 1, ch. 6, § 9, and notes (*s*) (*t*); *Moore* v. *Burrows*, 34 Barb., 173, 174; *Seaman* v. *Van Rensselaer*, 10 Barb., 86, and cases cited; *Swartwout* v. *Burr*, 1 Barb., 495, 499, and cases cited; *Day* v. *Roth*, 18 N. Y.,

447; *Swinburne* v. *Same*, 28 N. Y., 572; *Penman* v. *Slocum*, 41 N. Y., 53; *Diefendorf* v. *Spraker*, 10 N. Y., 246; *Seymour* v. *Freer*, 8 Wallace R., 202, 211; *Lobdell* v. *Same*, 32 How., 1; *S. C.*, 33 How., 347 [Court of Appeals]; *Parkhurst* v. *Cortland* [Court of Errors], 14 John. R., 15, p. 32; *Johnson* v. *Hathorn*, 2 Keys, see p. 485; *Smith* v. *Lippincott*, 49 Barb., 398; Code, § 275.) The alleged sale did not change the rights of the parties or divest defendant of his character as trustee. (*Penman* v. *Slocum*, 41 N. Y., 53, and cases cited; *Smith* v. *Boman*, 35 N. Y., 83; *Crocker* v. *Same*, 31 id., 507; *Day* v. *Roth*, 18 id., 448; *Diefendorf* v. *Spraker*, 10 N. Y., 246; *Giles* v. *Comstock*, 4 id., 271; *Seymour* v. *Freer*, 8 Wallace R., 202; *McKechine* v. *Sterling*, 48 Barb., 330, and cases cited under following point): Defendant being a trustee could not legally purchase; and having done so, with knowledge of the contract, his position as trustee remains unchanged. (1 Story's Eq. Jur., §§ 322, 323, 311; 2 id., §§ 1264, 1261, 1262; *Davone* v. *Fanning*, 2 John. Ch., 251, 255–270, and cases cited; *Gardner* v. *Ogden*, 22 N. Y., 343–351, and cases cited; *Colborn* v. *Morton*, Court of Appeals, vol. 1, Transcript Appeals, pp. 145–158; *N. Y. Central Ins. Co.* v. *Nat'l Fire Ins. Co.*, 14 N. Y., 91; *Claflin* v. *Farmer's & Co.'s Bank*, 25 N. Y., 296, bottom of page; *Swinburne* v. *Same*, 28 N. Y., 572; *Hoyt* v. *Martense*, 16 N. Y., 231, 234, bottom of page; *Case* v. *Carroll*, 35 N. Y., 385; *Buffalo S. E. W.* v. *Sun M. Ins. Co.*, 17 N. Y., bottom of page 403, and top of page 404; *Moore* v. *Moore*, 1 Seld., 256; *Butts* v. *Wood*, 37 N. Y., 318, 319; *Diefendorf* v. *Spraker*, 10 N. Y., 246; *Penman* v. *Slocum*, 41 N. Y., 53; *Terwilliger* v. *Brown*, 44 N. Y., 237; *Boerum* v. *Schenck*, 41 N. Y., 183; *Ryan* v. *Dox*, 34 N. Y., 319; *Foote* v. *Foote*, 58 Barb., 529; *Hawley* v. *Creamer*, 4 Cow., 743.) The *cestui que trust* may revoke his assent (whenever made) to such an arrangement at any time within *ten* years, and the property will be declared trust property. (2 Story's Eq. Jur., §§ 1264, 1261, 1211; *Silliman* v. *Tuttle*, 45 Barb., 171; *Davone* v. *Fanning*, 2 Johns. Ch., 151, and cases cited;

*Boerum* v. *Schenck*, 41 N. Y., 183, and cases cited.) The right to avoid a trustee's purchase of the trust property passes to the heirs or legal representatives of the beneficiary. (*Iddings* v. *Bruen*, 4 Sandf. Ch., 223.) In *Colborn* v. *Morton et al.* (January Term, 1867, Court of Appeals, reported in 5 Abb., N. S., see bottom of page 325), it is held that "the *cestui que trust, or those who may have succeeded to his rights,* can either apply to have the *sale set aside,* or may affirm the sale and charge the purchaser with the *actual* value of the lands purchased." (*McMahon, assignee,* v. *Allen* [Court of Appeals], 3 Abb., N. S., 74.) If the trust is not closed by the alleged sale, plaintiff is entitled to specific performance upon payment of the money. (*Laird* v. *Smith*, 44 N. Y., 618; *Leggett* v. *Edwards*, 1 Hopkins Ch., 530; *Masson* v. *Bovet*, 1 Den., 69, 74; *Fisher* v. *Conant*, 3 E. D. S., 199; *Mayer* v. *Shoemaker*, 5 Barb., 319; *Benson* v. *Tilton*, 24 Barb., 494, 498; *Malins* v. *Brown*, 4 N. Y., 403, 408; *Williston* v. *Same*, 41 Barb., 635; *Viele* v. *Troy and B. R. R.*, 21 id., 391; *Voorhees* v. *Demeyer*, 2 id., 38, 47; *Carpenter* v. *Atherton*, 28 How., 307, bottom of page; *Losee* v. *Morey*, 57 Barb., 651, 652; *Miller* v. *The Mayor, etc.*, 53 Barb., 653; *Marsh* v. *Blackman*, 50 Barb., 329–333; *Seymour* v. *Freer*, 8 Wallace, 202; and cases cited under second and fifteenth points.) The inability of defendant, created by himself, to perform, by reason of his having conveyed one lot, is no objection if plaintiff will take subject to such inability. And plaintiff has a right to what there is. (*Gilbert* v. *Peteler*, 38 Barb., 488; *Voorhees* v. *Demeyer*, 2 id., 38, 47; *Jerome* v. *Scudder*, 2 Robt., 169–174; *Westervelt* v. *Same*, Hoffman, 37; *Waters* v. *Travis* [Court of Errors], 9 John. R., 450, and see pp. 464, 465.) Time is not the essence of a contract, unless the parties have made it so in their contract. (*Bruce* v. *Tilson*, 25 N. Y., 197.) The alleged assumption by W. W. Young of J. B. Young's indebtedness was void under the statute of frauds. (*Seaman* v. *Van Rensselaer*, 10 Barb., 81; *Staats* v. *Howlett*, 4 Den., 559; *Chaffee* v. *Thomas*, 7 Cow., 358; *Malloy* v. *Gillett*, 23 Barb., 610; *Sacket* v. *Palmer*, 25 Barb.,

179.) A party has no right to annex any condition to the performance of a contract not specially provided for in the contract. (*Brown's W. F. Co.* v. *French*, 34 How., 94; *Kuhn* v. *Stevens*, 36 How., 275–278; *Thomas* v. *Hunt*, vol. 3, p. 191, Transcript Appeals; *Morris* v. *Whitcher*, 20 N. Y., 41.) No demand was necessary to maintain suit. (*Burwell* v. *Jackson*, 5 Seld., 546, and top of p. 547; *Bruce* v. *Tilson*, 25 N. Y., 194.) A tender of performance on the part of plaintiff, excused by reason of inability, disability and refusal on the part of defendant. (*Morange* v. *Morris* [Court of Appeals], 32 How., 178, and cases cited; *Stevenson* v. *Maxwell*, 2 N. Y., top of p. 415; *Bruce* v. *Tilson*, 25 N.Y., 194.) The placing the deed in *escrow*, extended time of performance indefinitely, and defendant cannot take advantage of the laches of plaintiff. (*Leggett* v. *Edwards*, 1 Hop. Ch., 530.) The contract being under seal, cannot be canceled by parol. (*Walker* v. *Dunspaugh*, 20 N. Y., 173; 16 N. Y., 354; 5 Seld., 183; *Jackson* v. *Vosburgh*, 7 John. R., 186; *Jackson* v. *Cary*, 16 id., 302, and top of p. 306; *Brant* v. *Livermore*, 10 id., 366; *Jackson* v. *Kisselbrack*, 10 id., 344; *Haydock* v. *Stow*, 40 N. Y., bottom of p. 369–371.) The sale as claimed by defendant was void by the statute of frauds. (R. S., part 2, chap. 7, title 1, § 6, 5th ed., vol. 3, p. 220; *McGregor* v. *Brown*, 10 N. Y., 117; *Green* v. *Armstrong*, 1 Den., 550, 553, 554; *Haydock* v. *Stow*, 40 N. Y., 363, see bottom of p. 369, also cases cited in last point; *The Madison Avenue Baptist Church* v. *The Oliver Street Baptist Church*, MSS. opinion by GROVER, J., rendered last September term of this court.) Defendant having answered, plaintiff was entitled to relief in some form, the prayer of complaint being for general relief. (Code, § 275; *Barlow* v. *Scott*, 24 N. Y., 40, 45; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 N. Y., 358–360; *Marquat* v. *Same*, 12 id., 341; *Emery* v. *Pease*, 20 id., 64; *Lattin* v. *McCarty*, 41 id., bottom of pp. 110 and 111; *Armitage* v. *Pulver*, 37 id., bottom of p. 496 and top of p. 497; 1 Story's Eq. Jur., §§ 311, 322; *Davone* v. *Faning*, 2 Johns. Ch., 251, 255, 270; *Hawley* v. *Creamer*, 4 Cow., see bottom of p. 744;

*Utter* v. *Stuart,* 30 Barb., 20, 23; *Cuff* v. *Dorland,* 55 id., 496; *Denman* v. *Prince,* 40 id., 217–219; *Whitney* v. *Whitney,* 49 id., 323; *Bennett* v. *Abrams,* 41 id., 620, 626; *Seymour* v. *Freer,* 8 Wallace R., 202.) Defendant has not placed Young in default by tendering a deed. (*Morange* v. *Morris* [Ct. of App.], 31 How., 178; *Leird* v. *Smith,* 44 N. Y., 618; *Burwell* v. *Jackson,* 5 Seld., 546; *Grant* v. *Jackson,* 1 Seld., 247.) It was error in allowing defendant to give evidence of a contract not pleaded in his answer. (*Kelsey* v. *Weston,* 2 Comst., 506, and cases cited; *Ferguson* v. *Same,* 2 id., 361, 362; *McKyring* v. *Bull,* 16 N. Y., 297, 309, middle of page; *Codd* v. *Rathbone,* 19 id., 39, middle of page; *Brazill* v. *Isham,* 12 id., 17, middle of page; *Field* v. *The Mayor, etc.,* 2 Seld., 179; *Carter* v. *Koezley,* 14 Abb., 147; Code, § 149, subd. 2.)

*G. M. Spier* for respondent. Specific performance will not be decreed where there is a material variation between the terms of the contract as alleged and as proven. (*Harris* v. *Knickerbocker,* 5 Wend., 638; *Phillips* v. *Thompson,* 1 J. Ch., 146.) Nor will it be decreed in favor of one who has failed to perform and where great changes in title and value have occurred. (*Brashier* v. *Gratz,* 6 Wheat., 528; *McWilliams* v. *Long,* 32 Barb., 197.) The party seeking this species of relief must not have been guilty of negligence; but must show that he has been ready, desirous, prompt and eager. (2 Story Eq. Jur., § 776; *Benedict* v. *Lynch,* 1 J. Ch. R., 370; 1 Sugden on Vendors, 298, 410.) An abandonment of the contract, even by parol, precludes an action for specific performance. (Willard's Eq., 289; *Baldwin* v. *Salter,* 8 Paige, 473.) Plaintiff having never given notice of his assignment, and having delayed five years, is not entitled to specific performance. (*Crowell* v. *Watts,* 2 Hall & Twill's R., 224; *Reily* v. *Walsh,* 11 Irish R., 22; *Clegg* v. *Edmonson,* 8 De Gex, McNaughton & Gardon R., 787.) The court will never decree a specific performance unless the case of the plaintiff is perfectly clear from circumvention and deceit. (Sugden on Vendors, 211, 14th ed.; *Davis* v. *Symonds,* 1 Cox, 407.)

Grover, J. The plaintiff not having given notice to the defendant of the assignment of the contract by Young to him, and the defendant having no knowledge thereof, plaintiff is bound by the subsequent acts and dealings between the defendant and Young in relation thereto. The judge finds, in effect, that no such contract as is alleged in the complaint was ever made between Young and the defendant. This finding is sustained by the positive testimony of the defendant, which was corroborated by the testimony of the witness, Guernsey, and by various circumstances proved by other evidence. In his third finding, the judge says there are errors of moment in the alleged copy of the contract, introduced in evidence by the plaintiff, and points out two; one very material, and prejudicial to the defendant; the other comparatively slight, and favorable to him. The fourth finding expressly says, in effect, that the contract sued on (a copy of which was introduced by the plaintiff) was not the contract made between Young and the defendant. In the fifth, sixth and seventh findings is a statement of the negotiations of Young and the defendant, resulting in a contract, pursuant to which Young conveyed his interest in the Doane property to the defendant, and the latter executed a deed to the former of the lands in question and certain specified mortgages thereon, were executed by Young to the defendant; all of which were placed in the hands of a third person in escrow, to be delivered to the parties respectively upon payment by Young to the defendant of about $10,400. These findings are in accordance with the testimony of the defendant and of the witness Spier, and show that credit was given to this testimony, and not to that of the witnesses introduced by the plaintiff. These facts must be regarded as true by this court, having been found in accordance with testimony tending to prove them; as no power is given to this court to pass upon the weight of conflicting evidence. The General Term had such power, and it was its duty to examine the question; and, if the result was a conviction that the finding was not in accordance with truth, to reverse the

judgment for error of fact and direct a new trial. The judge having found that no such contract as that alleged in the complaint was ever made between Young and the defendant, and the judgment founded thereon having been affirmed by the Supreme Court, the judgment dismissing the complaint must be affirmed by this court, unless the plaintiff was entitled to relief, founded upon the contract which the judge finds was made between Young and the defendant for the sale, by the latter to the former, of the lands in question. Although this contract differs, in some of the terms, materially from the one set out in the complaint, yet, as it is substantially set out in the answer and found by the judge, such relief, if any, may be given thereon as the other facts will warrant. The interest in this contract passed to the plaintiff under the assignment of Young to him, if he so elected. (*The Oneida Bank* v. *The Ontario Bank*, 21 N. Y., 490.) This contract was negotiated in the spring of 1859, and, in substance, was an agreement by the defendant to sell and convey to Young the property in question, in consideration of the conveyance, by the latter to the former, of his interest in what was known as the Doane house, and of mortgages to be given by Young to the defendant upon the property in question of $11,000, and the payment to him of obligations assumed by Young to the defendant of about $10,000, and a note of four hundred and some dollars, then given by Young to the defendant. The Doane property, the evidence shows, was then incumbered to within about $7,000 of its value. The property in question was incumbered by mortgages to the amount of $40,000, subject to which the defendant was to convey it to Young and subject to which the mortgages of $11,000 were to be taken by the defendant. No precise time was fixed for the payment of the money or the exchange of the papers, but the former was to be cotemporary with or precede the latter. Young, under the contract, was to receive the future rents and pay the incumbrances. Young did receive the rents until September thereafter; when, failing to pay the interest accruing upon the incumbrances and the money

agreed to be paid to the defendant, the latter. notified the tenants to pay the rents .subsequently accruing to him, of which. Young had notice. The defendant requested Young about that time to close the transaction.. Young being unable to sell the property or otherwise pay the money, he and the defendant agreed to have the property sold at auction in parcels, at which either of the parties were to be at liberty to bid. It was accordingly advertised and sold in the ᵛfall of 1859, and the sale was attended by Young and an agent of the defendant; and the property, except a small parcel, was bid in for the defendant at a. sum less than the incumbrances then existing thereon, and the mortgages to be given thereon and the money to be paid by Young to the defendant. The counsel for the appellant insists that the defendant was, under the contract, a trustee of the property for Young, and that a trus-ʹ tee cannot discharge himself of his trust by purchasing it in at a sale ·controlled· by himself, and cites authorities establishing these positions. He, therefore, insists that the sale can have no effect upon the rights of the parties ; or, at all events, it was voidable at the election of Young, who, in a short time thereafter, gave notice to the defendant that he should insist upon the contract. It is unnecessary to .determine whether Young might not, by prompt action in tendering performance of' the contract on his part, have enforced performance by the defendant. As he did not do this prior to such sale, Young had notice that the defendant ·required performance by him without further delay. The sale was resorted to by mutual agreement for the purpose of closing the transaction. When Young ascertained that the property sold for less than enough to satisfy the defendant what he was to receive upon the contract and elected to avoid the sale, he was aware that the defendant would acquiesce in no further delay. The defendant continued in possession of the property, and neither Young nor the plaintiff, of whose interest the defendant knew nothing, did anything whatever toward the performance of the contract for about three years and eight months, when the plaintiff appeared, and, claiming under an assignment made

to him by Young in 1859, demanded of the defendant performance of the contract set out in the complaint, but did not offer to pay the money payable to the defendant under the contract found by the judge.   The property, at the time of making the contract, according to the testimony of Young, was worth but little more than the incumbrances thereon, and the sum to be paid by Young to the defendant therefor, exclusive of the conveyance of the interest in the Doane property, but his testimony further shows that its value was largely enhanced between that time and the trial.   The cases cited by the counsel for the appellant do not apply to the contract as found by the judge.   The counsel endeavors to show that they do apply to, and that the plaintiff is entitled to a specific performance of the contract set out in the complaint.   The answer to this is, that the judge has found that such a contract never was made; that by the one in fact made, Young, in addition to giving the mortgages, was to pay the defendant between $10,000 and $11,000 in cash.   As no precise time was fixed for this payment, it was payable in a reasonable time or upon request.   This request was made in September, 1859, or thereabouts, prior to the agreement to sell the property at auction.   Under this state of facts a delay of three years and upwards, without any excuse therefor, was such laches as will preclude a specific performance of the contract.   (1 Story's Eq., §§ 771, 776, and notes and authorities cited; Willards Eq., 292.)   When by laches the remedy at law is barred and the right to a specific performance is forfeited, there can be no recovery of what has been paid upon the contract.   This view disposes of the questions arising upon the refusal of the judge to find further facts.   No further facts could have been found from the evidence given that could have been of any benefit to the plaintiff.   Those found determined the rights of the parties.   The judgment appealed from must be affirmed.

All concur.

Judgment reversed.