RICHARD VAN TASSELL, RESPONDENT, *v.* WILLIAM J. WOOD, IMPLEADED WITH THOMAS H. PURDY AND OTHERS, APPELLANT.

*Usury — agreement to pay for expenses and loss on sale of securities — repayment of bonus — effect of.*

Upon applying to the plaintiff for a loan of $5,000, the borrower agreed to pay him $400 as a compensation for his trouble and expenses in raising the money and for the sacrifice he would have to make in the sale of securities to raise the same. The trouble and expense consisted in a journey from Tarrytown to White Plains to discount a note, and from Tarrytown to New York to sell the securities. *Held*, that the agreement to pay the $400 as a compensation was not made in good faith but was a mere device to avoid the usury laws, and that the mortgage given to secure the loan was void.

The loan was made and the mortgage given in July, 1875. In December, 1876, the plaintiff repaid to the mortgagor the $400 so retained. After the mortgage was given, and before the repayment of the $400, two judgments were recovered and docketed against the mortgagor. *Held*, that the repayment of the $400 did not render the mortgage valid as against these judgments.

In this action, brought to foreclose the said mortgage, the mortgagor interposed no defense, and but one of the judgment creditors appealed from the judgment entered below by which the mortgage was adjudged to be valid and a sale

thereunder directed. *Held*, that the judgment should be so modified as to give the appealing judgment debtor a priority of payment over the mortgagee out of the proceeds of sale, and that he recover costs of the action against the plaintiff, and that plaintiff should not recover the costs below as against the non-appealing judgment creditor.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

The action was brought to foreclose a mortgage given by one Purdy to the plaintiff, bearing date July 13, 1875. Two of the defendants, Millard and Wood, who held judgments recovered on the 26th of January, 1876, and the 14th day of February, 1876, respectively, put in answers setting up that the mortgage was void for usury. The court below held that the bond and mortgage were good and valid instruments, and directed that the usual judgment of foreclosure be entered. From this judgment, the defendant Millard appealed.

*J. S. Millard*, for the appellant.

*John A. Husted*, for the respondent.

GILBERT, J.:

The plaintiff, on or about July 13, 1875, agreed to loan to the defendant Purdy $5,000 upon the security of the bond and mortgage of the latter, set forth in the complaint, and Purdy agreed to pay the plaintiff $400 as a compensation for his trouble and expenses in raising said sum of money and for the sacrifice he would have to make in the sale of securities for the purpose of raising said money. The parties to the transaction were both residents of the county of Westchester. The only trouble and expense to which the plaintiff was put consisted of a journey between Tarrytown where he lived and White Plains where he kept his bank account, for the purpose of getting a note discounted, and of a journey between Tarrytown and New York for the purpose of disposing of his securities. When the plaintiff and Purdy met to complete the transaction, the plaintiff retained the sum of $400, and gave to Purdy, on account of the loan, only the sum of $4,600. The bond and mortgage in suit were then delivered. They are for $5,000, and bear interest at the rate of seven per cent.

The court below found that the compensation so paid to the plaintiff was a reasonable one, and that the agreement between him and Purdy was made for the purpose of paying the plaintiff such compensation, and not as a device to avoid the usury laws, or with intent, on the part of the plaintiff, to take interest at a greater rate than seven per cent per annum upon said loan.

We think that finding is not warranted by the evidence. It has not yet been established, as a rule of law in this State, that the lender may exact from the borrower compensation for a loss which he may sustain by the sale of securities which have become depreciated in the market, or for such efforts to obtain the money loaned as were made in this case. If the plaintiff, as a condition of the loan, had required Purdy to take his depreciated securities at par, the transaction would have been usurious *per se.* (*Seymour* v. *Strong*, 4 Hill, 255; *Schermerhorn* v. *Talman*, 4 Ker., 93.)

What difference does it make to the borrower whether the lender transfers the securities to him in lieu of money, or sells the securities and gives him the proceeds only? If such a transaction should be sustained, the limit to the oppression, which holders of depreciated securities might practice on needy borrowers, would be merely the greed of the lenders. Nor is the case, in our opinion, brought within the principle decided by the Court of Appeals in *Thurston* v. *Cornell* (38 N. Y., 281). To authorize a lender to charge for his trouble and expense in procuring the money to loan, there must be an agreement made in good faith for that purpose only, and not for the purpose of giving to the lender a usurious compensation for the loan.

We think the agreement in this case was one of the latter kind.

It is our duty to review the questions of fact presented and to give effect to our own conclusions upon the evidence. We are in no sense concluded by the findings of the court below. (*Finch* v. *Parker*, 49 N. Y., 1; *Smith* v. *Ætna Life Ins. Co.*, id., 211; *Godfrey* v. *Moser*, 66 id., 250.)

It appears that in December, 1876, the plaintiff repaid to Purdy the sum of $400, so usuriously taken by him at the time of the loan. The defendants, Millard and Wood, had recovered judgments against Purdy, and the same were docketed and became liens on the mortgaged premises before such repayment was made. Such

repayment did not render the bond and mortgage valid. The statute had made them void, and they remained void, notwithstanding the effort of the parties to purge them of the usury. (*Miller* v. *Hull*, 4 Den., 104 ; *Brackett* v. *Barney*, 28 N. Y., 333.)

The defendant Purdy abstained from defending the action. The defendant Millard did not appeal from the judgment therein. It only remains, therefore, to determine the rights of the defendant Wood. He holds a judgment which is a lien on the mortgaged premises. He has a right, therefore, to have the usurious mortgage avoided, so far as it affects the lien of his judgment. (*Dix* v. *Van Wyck*, 2 Hill, 522 ; *Thompson* v. *Van Vechten*, 27 N. Y., 568 ; *Mason* v. *Lord*, 40 id., 476–486.) But he has no right to have it avoided *in toto*.

The judgment must be modified by striking out the direction as to costs, as against the defendants Millard and Wood, by inserting a declaration that Wood is entitled to a priority of lien over the mortgage, and directing that the said judgment be paid out of the proceeds in accordance with such order of priority, and that he recover of the plaintiff his costs of the action. Such modification is in accordance with the prescribed practice. (Code of Civil Procedure, § 1317 ; *Simar* v. *Canaday*, 53 N. Y., 298.)

Judgment accordingly.

Barnard, P. J., concurred ; Dykman, J., not acting.

Judgment modified in accordance with the opinion by Gilbert, J.