By the Court.—Speir, J.
The defendant contends that a contract of purchase and sale was never consummated between the plaintiff and the defendant, and that, had the contract been perfected as claimed by the plaintiff, the defect in plaintiff’s title is a bar to his right to enforce a specific performance.
Where the trial is without a jury it is undoubtedly the duty of the court to take the responsibility of examining the evidence and to determine the facts. Evidence upon both issues was properly introduced by the parties and has been carefully examined. From all the testimony, as well as from the conduct of the parties at the time the papers were submitted for counsel’s perusal and approval, and when the plaintiff took into his own custody the duplicate copy on which the suit is brought, it is to my mind conclusively shown that the plaintiff never came into the possession of the contract through a delivery thereof by the defendant or any one authorized by him to make such delivery.
No addition to or variation from the terms of a written contract can be made by parol; but in this case the first defense is that there never was any contract of purchase and sale consummated. So far as necessary, the facts establishing this conclusion will be referred to hereafter.
*218 The position taken by the plaintiff’s counsel is that a written instrument purporting to be a contract executed by the defendant under seal, in the possession of the plaintiff, is not only sufficient but conclusive evidence of the existence of the contract and evidence of the delivery thereof.
The production of a paper purporting to be a contract by a party with his signature attached, undoubtedly affords a strong presumption that it is his written contract, and if in fact he did sign the paper animo contrahendi, the -terms in it are conclusive and cannot be varied by parol evidence. But here it was conclusively proved that after the papers were signed by the parties in duplicate and the execution thereof witnessed it was inquired of the plaintiff if he had a good title to the property. He said “ he had bought it of a referee, and that was the best kind of title.” Upon the suggestion being made that the papers had better be taken to defendant’s counsel for his examination and approval they were accordingly, by consent of both parties, submitted to the counsel, and his approval was not had. Whatever took place thereafter cannot affect the legal status of the parties as fixed by the controlling facts. There was no formal delivery, either upon condition or otherwise, nor any intent that the defendant should take the contract as grantee of the premises until the examination and approval had been procured. Courts and juries will look upon defenses of this kind with suspicion unless there be good grounds to sustain them, but if it be proved that in fact the paper was signed with the express intention that it should not be a contract unless something else be done, the other party cannot fix it as a contract upon those so signing it (Payne v. Campbell, 6 El. & B. 379). Even though the plaintiff had put the duplicate contract, which he had taken away with him without right, upon record, it would be only prima facie evidence of a delivery, *219 which might be rebutted (Jackson v. Perkins, 2 Wend. 308).
The defendant’s counsel urges that in this regard a broad distinction is to be taken between the delivery of a deed and an instrument in writing not under seal.
The principle is elementary, and can best be ascertained by reference to the early books. The doctrine is clearly stated in 1 Shep. Touch. 59: “Where the deed is delivered to a stranger, and apt words are used in the delivery thereof, it is of no more force until the conditions be performed than if I had laid it by me, and not delivered it at all, and therefore in that case, albeit the party get it into his hands, before the conditions be performed, yet he can make no use of it at all, neither will it do him any good” (Viner Abr. tit. Faits, O, pl. 4, 1 ; 2 Rolle, 25, 1, 40). The principle is laid down by Kent, Ch. J., in his earliest reported cases: Jackson v. Catlin (2 Johns. 258); Dunlap v. Jackson (1 Johns. Cas. 114), and see Gilbert v. North American Fire Ins. Co. (23 Wend. 43); Hindley v. Lucy (Com. B. 17 N. S. 578). This application of the text cited from the above writers is practically illustrated by the case at bar in all its features.
The case of Xenos v. Wickham (2 House of Lords, L. R. 17 N. S. 578) is cited as an authority for the plaintiff. A policy of insurance purported to be “ signed, sealed and delivered,” by two of the directors of an insurance company in the presence of their secretary, and according to the powers vested in the directors by the deed of settlement of the company, was taken as against the company to be conclusive that it was not only signed and sealed, but also duly delivered. The assured, in the case, had effected the insurance through a broker, and the company signed and sealed the policy and kept the possession of it, and the court held that it was not necessary that the assured should formally accept or take away a policy in *220 order to make the delivery complete. He had a right to rely upon the policy in the company’s hands as a deed for his security. The broker desired that the policy should be canceled, which was done by the assent of the undérwriter, and it was held that this could not affect the assured, who had not, in fact, given the broker any authority to cancel the policy. The decision below was reversed, and as it appears upon just grounds; but the decision contains the exception, which, in my judgment, renders the case an authority for the defendant. The exception is embodied in the decision, which is: “A policy, signed, sealed and delivered, is complete and binding as against the party executing it, though, in fact, it remains in his possession, unless there is some particular act required to be done by the other party to declare his adoption of it.”
The case is not one for a specific performance. The relief calls to a great extent for the exercise of discretion, and will not be granted where there is a material variation between the terms of a contract, as alleged and as proven in regard to the subject matter of the contract (Philips v. Thomson, 2 Johns. Ch. 418 ; Finch v. Parker, 49 N. Y. 1). Besides, it appears that it was not in the power of the plaintiff to convey the premises to the defendant at the time of the commencement of the action, except subject to an outstanding mortgage.
Judgment should be affirmed, with costs.