“Freedman, J.
The facts of this case are very peculiar. By the written contract set out in the complaint, and into which all verbal negotiations must be deemed to have been merged, the defendant promised to pay only to John L. Randall. It was within the contemplation of *147 the parties that either Andrew Randall or John L. Randall might procure a purchaser, but in either event the compensation was to go only to John. Andrew, the plaintiff, can only recover, therefore, as the assignee of John. He proved an assignment to himself from John, dated March 3, 1883, but of this he gave no notice to the defendant, nor is there any evidence from which constructive notice could be found. Two days later, namely March 5, 1883, the defendant and John, between whom other matters were pending, effected a settlement. John received $500, and in consideration thereof he executed and delivered to the defendant a receipt in writing, acknowledging the receipt of $500 in full settlement of all matters between them from the beginning of the world to the date of the receipt, except two matters specially mentioned, of which the matter involved in the present suit was not one. •
Hugo Hirsh, for appellant.
Edward 8. Hatch, for respondent.
“This agreement binds the plaintiff, because he failed to give notice of the assignment to Mm (Finch v. Parker, 49 N. Y. 1; Van Keuren v. Corkins, 66 Ib. 77; Heermans v. Ellsworth, 64 Ib. 159). If such notice had been given, it is but fair to assume that the defendant would not have paid the $500.
“ Before arriving at this conclusion, I did not overlook that a receipt may frequently be explained." The rule is that it may be explained as to the consideration part, when the explanation is not contradictory to, but consistent with the instrument. So far as a receipt is in the nature of a contract, it falls within the general rules applicable to contracts, and its terms cannot be -varied by1 parol testimony, except in a proceeding to reform the instrument for fraud or mistake (Coon v. Knap, 8 N. Y. 402).
By the Court.—Sedgwick, Ch. J.
I am of opinion *148 that the learned judge rightly dismissed the complaint on the ground taken by him.
It is argued in opposition, that the testimony of John L. Randall showed that the matter which was settled by the contract in the so-called receipt, did not comprehend any reference to the matter in action here. If any part of the receipt was a contract, or of that nature, having a settlement or release as its object, it could not be explained verbally. The words unambiguously referring to “ all matters between us,” are not to be explained verbally, and not to be restrained to any particular claim or claims, as they might be, if, in addition, a particular claim had been specified (Russel v. Rogers, 10 Wend. 413 ; Hoes v. Van Hoesen, 1 B. Ch. 380; Van Brunt v. Van Brunt, 3 Ed. 14). These cases refer to instruments under seal, but their principle is applicable to any composition or settlement based upon contract for consideration, where the parties have a difference that is not merely colorable.
The learned judge, in refusing to take the ground that the plaintiff had not shown that John L. Randall himself had ever had any cause of action, was too favorable to the plaintiff. This was, no doubt, due to mere intimation of important facts contained in a mass of testimony that did not sustain plaintiff’s case. The matter is clear when the testimony is examined in a printed form. The plaintiff was to show that he had brought about the sale, or had introduced the purchaser to the defendants. He testified that John L. Randall had not done anything towards either of these things. It is not necessary to give much of the evidence. The plaintiff put upon the stand all the witnesses whose testimony will be alluded to. It was clear that unless Louis Snyder represented in some way the parties who afterwards bought, or was an efficient agent in bringing about the sale, the plaintiff was not entitled to recover • for the whole that the plaintiff did was to bring Snyder in communication with the defendant, and assist in. negotiations between them. Snyder, as a witness for plaintiff, testified that he acted in the mat *149 ter .by the instructions of E. S. Grant, and that he did not know whom. E. S. Grant represented. Hr. Grant, as a witness for plaintiff, testified that he directed Snyder to purchase the property for $40,000 or $50,000 if he could. He reported that he could not, and that ended the matter with the witness. He further testified that the property was subsequently purchased by no interest that he represented, and that it was purchased in the interest of the Hudson Eiver Ore & Iron Co., and he was not familiar with the details of the transaction. The plaintiff’s witness therefore proved that the plaintiff did not bring about the sale. There were many facts shown that created an expectation that further facts would be shown to cbnnect the efforts of Snyder with the sale, but these were not proved. Beyond this, the plaintiff’s brother testified to several admissions of defendant in conversation, that might have made it necessary to find what the admission proved, if the plaintiff had not, as he did, called as a witness in his own behalf the defendant, who so fully denied that he made the admissions in part, and explained the rest, that the jury could not have found for plaintiff on this part of the case. I intend to speak of this case only, and not to imply that there should be a similar result in every case where there is a conflict of the same general kind. In brief, the plaintiff showed no cause of action.
Judgment affirmed, with costs.
Tetjax, J., concurred.