JOHN B. HEALY, Appellant, *v.* VINCENT CLARK, Impleaded, etc., Respondant.

*Court of Appeals, April* 15, 1890.

1. *Appeal. Review of findings.*—A finding made without any evidence tending to sustain it is a ruling upon a question of law, and an exception taken thereto may be reviewed in the court of appeals. But where there is evidence tending to sustain the finding, it is a ruling upon a question of fact, and no exception can be taken thereto.

2. *Same.*—An appeal can be taken to the general term upon questions of fact, where the trial was by the court or a referee, and the general term has power to review the facts; but the court of appeals cannot review the evidence and reverse the judgment upon the ground that the finding of the referee is against the weight of evidence.

3. *Evidence.*—On the issue whether the plaintiff was an employee or partner of defendant, evidence of the business arrangements between them, that he assisted in procuring the contract, and that the contract proved unprofitable, is competent.

Appeal from a judgment of the general term of the court of common pleas for the city and county of New York affirming a judgment entered upon the report of a referee.

*Chauncey S. Truax,* for appellant.

*Alexander H. Thain,* for respondent.

HAIGHT, J.—This action was brought to foreclose a lien filed under chap. 315 of the Laws of 1878, against moneys retained by the department of finance of the city of New York upon a contract between the city and the defendant Clark to construct a sewer under Seventieth street in that city.

The plaintiff claims that he was employed by the defendant to superintend the construction of the sewer, and that as such superintendent he rendered 208 days' service, for which he was entitled to receive five dollars per day. The

employment of the plaintiff was denied by the defendant, he claiming that the plaintiff was his copartner in the construction of the sewer.   Upon this issue the referee found in favor of the defendant and that finding has been approved by the general term.   We are now asked to review the evidence and reverse the judgment upon the ground that the finding of the referee was against the weight of the evidence.   This court has no power so. to do.   The right of review in such cases is final in the general term.   If the finding has. been made without *any* evidence tending to sustain it, it is a ruling upon a question of law and an exception may be taken thereto which may here be reviewed.

But if there is evidence tending to sustain the finding it is a ruling upon a question of fact and no exception can be taken thereto.   Code Civil Procedure, §§ 992–993.   An appeal can be taken to the general term upon questions of fact where the trial was by the court or a referee.   Section 1546.   And consequently that court has the power to review the facts; but no such power is given to this court, and it consequently cannot review the weight of evidence.   Finch *v.* Parker, 49 N. Y. 1 ; Bergin *v.* Wemple, 30 Id. 319.

In this case there was evidence that. sustains the findings of the referee.   The testimony of the parties was in conflict upon the questions of the employment and the existence of the copartnership, and they consequently became controverted questions of fact for the determination of the referee.   Both parties were corroborated by the testimony of others.   The fact that Clark made the bid upon the contract in his own name and attached the usual affidavit of interest under the explanation given does not necessarily invalidate his testimony.   The question of his credibility was still left open for the determination of the referee. It appears to have been conceded that the parties had been copartners in reference to other contract work and that such copartnership continued until this contract was nearly completed.   This fact taken in connection with the testimony

produced on behalf of the defendant doubtless influenced the mind of the referee in reaching his conclusion, and we think properly, for where the testimony of the parties is in conflict it becomes the duty of those who have the responsibility of determining the facts to take into consideration the surrounding circumstances and probabilities.

We have examined the exceptions to which our attention has been called, but find none that point to any error. In view of the issue tendered by the pleadings it was competent to show the business arrangement between the parties for the purpose of determining whether or not a copartnership existed, and in that connection it was material and proper to show that the plaintiff assisted in making the calculations upon which the bid for the contract was made and that the work was carried on by the firm in the construction of the sewer the same as it was in reference to other contracts held by it. The fact that the contract turned out unprofitable became material upon the trial in view of the position taken by the plaintiff, as bearing upon the question of motive.

We are consequently of the opinion that the judgment should be affirmed, with costs.

All concur.