GEORGE TOLMAN, Assignee, in equity,

*vs.*

CORA A. WARD.

Cumberland.    Opinion March 15, 1894.

*Deed.    Fraudulent Conveyance.    Consideration.    Marriage.*

It is settled law in this State, as well as elsewhere, that marriage is a good consideration for a conveyance of real estate.

An intended fraud by the grantor upon his creditors will not avoid the deed if the grantee was innocent.

Marriage may be given in evidence as the consideration of a deed expressed to be for a money consideration only.

*Goodspeed* v. *Fuller*, 46 Maine, 141, affirmed.

ON REPORT.

Bill in equity, brought in this court, for Cumberland County, by an assignee in insolvency, to set aside a conveyance of real estate in Brooklyn, N. Y., made to the debtor's wife, before marriage, and alleged to have been made in fraud of creditors.

It appears from the pleadings in the case that the deed in question given by the debtor, Ward, is dated February 1, 1889, the consideration expressed therein being four hundred and fifty dollars, and was recorded August 22, 1889. The insolvent and the defendant were married May 30, 1889. He began to purchase goods of the plaintiff's firm as early as February 1, 1889, and filed his petition in insolvency June 20, 1890, when he was indebted to said firm to the amount of $3,472.95.

The case was heard on bill, answer and testimony.

*H. and W. J. Knowlton*, for plaintiff.

Marriage cannot be given in evidence as the consideration of a deed of bargain and sale expressed to be for a money consideration only. *Betts* v. *The Union Bank of Maryland*, 1 Harris & Gill, (Md.) 175, and the cases there cited.

No additional consideration can be proved repugnant to the one mentioned in the deed. *Smith* v. *Davis*, 49 Md. 472.

A voluntary settlement by a man who is indebted, is fraudulent and void, if the debts existing at the time of the conveyance are only paid by contracting other obligations which finally result in insolvency. *Antrim* v. *Kelly*, 4 B. Reg. 189.

A voluntary conveyance made by a person who is indebted is *prima facie*, fraudulent, and the burden is on the grantee to show that the debtor had abundant means, besides the property conveyed to pay all his debts. *Pratt* v. *Curtis*, 6 B. R. 139.

Where the deed is kept from the records, and the debtor appears to be the owner and obtains credit upon the faith of the property, a voluntary conveyance is void as to subsequent creditors. *In re Rainsford*, 5 B. R. 381.

*E. W. Whitehouse*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

WALTON, J. This is a suit in equity. The plaintiff is assignee of Stephen C. C. Ward, an insolvent debtor. The plaintiff avers that, February 1, 1889, the insolvent conveyed a parcel of real estate to Cora A. Brown, and that the conveyance was

made without consideration, and for the purpose of putting the property beyond the reach of creditors; and he prays that the conveyance may be decreed void, and that the grantee may be ordered to convey her interest in the premises to him, as assignee.

There would be no doubt of the power of the court to make the decree prayed for if these allegations were proved. But we do not think that either of them is proved. The proof is that the conveyance in question was made in consideration of a contemplated marriage between the grantee and the grantor; and marriage has always been held to be one of the highest and one of the most valuable considerations known to the law.

In *Smith* v. *Allen*, 5 Allen (Mass.), 454, the court held that a promise of marriage, made in good faith by a woman, to one who had conveyed to her a parcel of real estate for the purpose of persuading her to marry him, was a sufficient consideration to sustain the conveyance against the grantor's creditors, although the death of the grantor prevented the marriage from being consummated.

And in *Gibson* v. *Bennett*, 79 Maine, 302, where a creditor had levied upon land as the property of the husband, and it was proved that the land had been conveyed to the wife by the husband, before their marriage, and in consideration of her promise to marry him, the court held that the levy could not be sustained. "It is clear," said Mr. Justice EMERY, "that, upon such a state of facts, no creditor of the husband can take the land by a subsequent attachment and levy. Marriage is a valuable consideration for a deed, and if the marriage afterward take place, the deed is valid so far as the consideration is concerned. Any fraud intended by the grantor upon his creditors would not avoid the deed, if the grantee was innocent."

And in *Prewit* v. *Wilson*, 103 U. S. 22, the court held that an antenuptial settlement of lands, though made by the intended husband with the design of defrauding his creditors, will not be set aside except upon the clearest proof that the intended wife participated in the fraud. There is no such proof in the present case.

But the point is made by the learned counsel for the plaintiff that marriage can not be given in evidence as the consideration of a deed expressed to be for a money consideration only ; and, in support of the proposition, they cite *Betts* v. *Union Bank*, 1 Harris and Gill, (Md.) 175.

The court did so hold in that case. But the decision does not rest on the consideration of marriage alone. It applies to all considerations in conflict with the one expressed in the deed. And there are other decisions in which the doctrine is maintained that the expressed consideration in a deed can not be varied or contradicted by oral evidence. But in this State, and in most of the states, the law is otherwise.

In *Goodspeed* v. *Fuller*, 46 Maine, 141, this court held that the only effect of the consideration clause in a deed is to estop the grantor from alleging that it was executed without consideration, and to prevent a resulting trust in the grantor ; and that, for every other purpose, the consideration may be varied or explained by parol proof; and in the opinion of the court, by Mr. Justice APPLETON, a great many authorities are cited showing how extensively the doctrine has been adopted, and the great variety of cases in which it has been applied ; and, at the present day, we apprehend that there are but few if any courts that hold to a different doctrine. See note to *McCrea* v. *Purmort*, 30 Am. Dec. 103 (16 Wend. 460), and the authorities there cited.

Our conclusion is that the present suit must fail for want of proof. The proof fails to show that the conveyance to the defendant was made without consideration, or that the grantee knew of or participated in any fraudulent purpose of her then intended husband to place the property beyond the reach of his creditors. In fact, the evidence is very weak of the existence of such a purpose on his part.

*Bill dismissed, with costs.*