Powers, Respondent, vs. Spaulding, Appellant.

*May 24 — June 11, 1897.*

*Deeds: Construction: Parol evidence: Estoppel* in pais.

1. Under a deed expressing a consideration of $2,500, and containing a covenant that the premises are free from all incumbrances whatever, except the cost of street improvements in front of the same, "which costs or assessments therefor the second party agrees to pay," the grantee is clearly liable for the entire cost of the improvement in front of the premises, and parol evidence that at the time of the bargain it was represented that such cost would not exceed a certain sum, is inadmissible.

2. Where the grantor in such a case had been compelled to pay the entire cost of the improvement, errors in his estimate of the cost of the same will not estop him from recovering from the grantee more than such estimate.

Appeal from a judgment of the circuit court for Outagamie county: John Goodland, Circuit Judge. *Affirmed.*

The defendant bought from the plaintiff a house and lot in the city of Appleton, for the price of $2,500. This was to be paid, $2,300 at time of delivery of deed, and the balance by paying the costs of certain street improvements, then

in progress, in front of the premises, for which the plaintiff had contracted and would become liable, the amount whereof was then unknown,— such sum as the plaintiff should become liable to pay. The expressed consideration of the deed was $2,500; but among the covenants contained in the deed was this provision: "That the same are free and clear from all incumbrances whatever, except the costs of improvements on Lawe street, on the front of said premises, which costs or assessments therefor the second party agrees to pay, *to the same extent as the first party has agreed so to do.*" The words italicized appeared to have been written in different ink from that in which the body of the deed had been written. The plaintiff became liable to pay $146.34. The defendant refused to pay it. The plaintiff paid it, and brings this action to recover the amount so paid from the defendant. The defense was that, at the time of the bargain, it was represented to the defendant that the costs of the improvement which he might be called upon to pay under the contract would not exceed $35 to $40, and it is claimed that the plaintiff is estopped to claim more. No fraud is alleged. Evidence to prove such representation was excluded. Evidence offered to show that the words above in italics had been written into the deed without defendant's knowledge, and after the execution of the deed, was excluded. A verdict for the plaintiff, for the amount of her claim, was directed. From a judgment on the verdict the defendant appeals.

*Humphrey Pierce,* for the appellant.

*Orlando E. Clark,* for the respondent.

NEWMAN, J. The deed evidently was intended to express the entire agreement of the parties on the subject to which the action relates. It is entirely clear by the deed itself that the defendant was to pay the whole cost of the improvement in front of the premises he purchased. This is clear without considering the disputed words. Such words did not change

the meaning of the stipulation, nor add anything to it. The conversations which preceded and attended the execution of the deed are incompetent to change the stipulations contained in the deed itself. They were mere estimates of the probable cost of the improvements, and could not be the basis of an estoppel, and, in the absence of fraud, are of no effect whatever.

*By the Court.*— The judgment of the circuit court is affirmed.