DESMOND vs. McNAMARA and another, Respondents, and
McNAMARA, Appellant.

*April 30 — May 15, 1900.*

*Deeds: Covenants against incumbrances: Parol evidence: Acceptance:
Assumption of debt: Execution of renewal mortgage by grantee.*

1. Where a deed expressly provides that the grantees assume and agree
to pay off a mortgage on the property conveyed, or expressly ex-
cepts a mortgage thereon from the covenant against incumbrances,
parol evidence is inadmissible, in the absence of fraud or mistake,
to show that at the time of the conveyance the grantor agreed to
take care of such incumbrances.

2. The acceptance of the deed in such case was, in effect, an express
promise on the part of the grantees, in respect to such incum-
brances, to all intents and purposes the same as if signed by them.

3. Where property is purchased subject to a mortgage, the execution
of a new mortgage by the purchaser when the old one matures is
merely a recognition and affirmation of his previous agreement.

APPEAL from a judgment of the circuit court for Milwau-
kee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

Action to foreclose a mortgage. The respondents, *Eliza-
beth McNamara* and *Mary Ann McNamara*, and the appel-
lant, *Francis S. McNamara*, all joined as defendants, were
each personally liable for the mortgage indebtedness. The
only contest was between appellant and respondents. Issue
was joined between them by the answer of respondents duly
served upon appellant, and his answer thereto. That issue
was in respect to whether appellant was bound to protect
the respondents against liability for the mortgage indebted-
ness. The court found, as facts, on such issue, that for a
considerable period of time prior to January 24, 1894, the
respondents were in the employ of their father under a con-
tract for hire; that on said day the appellant, for a good
and valuable consideration, sold and conveyed the mort-
gaged premises to the respondents, which premises were

then incumbered by a mortgage in place of which the mortgage in suit was subsequently given; that appellant agreed to pay the mortgage indebtedness and to cause the land to be relieved of the incumbrance thereon at the maturity of such debt; that when the note evidencing such debt matured, appellant induced the respondents to remortgage the property to secure their note of $2,500 to pay it, he guaranteeing in writing the payment thereof, and verbally promising the respondents to take care of the same; that after the conveyance of the property to respondents as aforesaid, the father paid the interest on the mortgage and also paid the taxes on the property up to 1897; that this action is to enforce such mortgage. On such facts judgment was rendered against appellant and in favor of respondents for the total amount of the mortgage indebtedness and for costs recovered by plaintiff against the defendants, and for the costs of litigating the issue between respondents and appellant.

*J. E. Wildish*, for the appellant.

For the respondents there was a brief by *Blatchley & Burke*, and oral argument by *A. H. Blatchley*.

MARSHALL, J. It is contended that the finding, that there was a valuable consideration to support the conveyance of the property by appellant to respondents, is not supported by the evidence; that, on the contrary, the evidence shows clearly that the only consideration for such conveyance was the relationship existing between the parties; that otherwise it was a mere gift. We do not deem it necessary to decide that controversy, but will say, from a careful examination of the record, we have not been able to discover, very clearly at least, that it supports the finding of the trial court.

If the finding, that appellant agreed to pay off the incumbrance at the time the conveyance of the land was made, is not supported by competent evidence, waiving the

question of whether there was any consideration to support such a promise, then, manifestly, the judgment is wrong and must be reversed.

There were two deeds. The evidence satisfactorily shows that they were delivered at the same time and that one was intended as much as the other to be the means of vesting the title to the property in the respondents. The purpose of making two deeds appears to have been to enable each of the grantees to have evidence of her interest in the property. In one of the deeds the grantees expressly assumed and agreed to pay off the incumbrance on the property; in the other, the covenant against incumbrances expressly excepted the mortgage thereon, indicating, as clearly as such an exception can, that the grantees were bound to pay off the incumbrance, to the extent of the property, at all events.

The finding, that appellant agreed to pay the mortgage indebtedness secured by the mortgage in suit, was based wholly on testimony of the respondents that the appellant, when the deed was made, promised to do so, and repeated such promise when the new mortgage was made. No fraud is claimed, as we understand it, or, if claimed, none was found and none established by the evidence that would vary the relations between the parties as evidenced by the writings to which we have referred. When the respondents signed the note and mortgage in suit, the evidence shows, they fully understood that they thereby assumed the mortgage indebtedness, as between them and the mortgagee. But they say they relied upon the promise of their father, made when the deeds were delivered to them, to take care of such indebtedness, and the repetition of such promise when the mortgage in suit was made. So the case, on this branch, on the evidence, comes down to this: Can the transfer of the property, indicating by its terms that the grantor, as between himself and the grantees, was absolved from all responsibility by the mortgage indebtedness, be varied by

parol?    On that point it is immaterial whether one of the
deeds accomplished the transfer of the property, so that the
other did not affect the transaction, or which one of the
deeds effected the result, because both indicate that, as be-
tween the parties thereto, the property, at least, was dedi-
cated to the payment of the mortgage indebtedness men-
tioned therein, and that the consideration for the conveyance
was in part the payment of such indebtedness.

The only difference between the conveyance subject to
the incumbrance and the one with the added clause whereby
the grantees assumed and agreed to pay off such incum-
brance, is that by the former the purchasers agreed that the
property should be liable for the indebtedness and that they
would, to that extent, protect the vendor from personal lia-
bility therefor, while by the latter they agreed to the same,
and further, to be personally liable for the indebtedness to
the mortgagee.    Jones, Mortgages, §§ 736, 751.    In either
case the acceptance of the deed was, in effect, an express
promise in writing, on the part of the purchaser, in respect
to the payment of the mortgage indebtedness out of the
property, to all intents and purposes the same as if it were
signed by them.    That is the effect of the decisions in this
and other courts.    *Enos v. Sanger*, 96 Wis. 150;  Jones, Mort-
gages, § 751.

So the question presented here does not come within the
rule that where, in part performance of an entire contract,
a written agreement is made as to one portion of it, the bal-
ance can be established by parol; nor the rule that a dif-
ferent consideration than that mentioned in the deed may
be shown by parol, so far as not inconsistent with the writ-
ing.    The attempt here is to vary by parol the express writ-
ten covenant in the grantor's deed that the title to the
property described in it was conveyed subject to the mort-
gage of $2,500 to be paid by the property or on account of
it, and vary the written agreement of the grantees that, to

the extent of the property, at least, they would be responsible to the grantor for such payment. No authority has been cited to our attention to warrant such a disturbance of a written agreement, and it is safe to say that none exists, except in cases of fraud or mistake, where the purpose was to avoid the writing on that ground or to secure its reformation.

While it is true that deeds are, in some respects, an exception to the general rule that writings between parties evidencing their agreements cannot be varied by parol, that exception has never been extended so as to authorize the contradiction or variation of any part of the agreement expressed in its entirety in the deed. It has been generally confined to variations or explanations of that part of the deed which, as to the grantor, is a mere receipt for purchase money, or of some portion of the instrument covering a distinct part of the oral agreement in execution of which the deed was made, and not inconsistent therewith.

It is uniformly stated in the books that oral testimony is inadmissible to establish facts, even in relation to the consideration in a deed, which are directly inconsistent with the writing. Jones, Ev. § 499; *Flynn v. Bourneuf*, 143 Mass. 277; *Kickland v. Menasha W. W. Co.* 68 Wis. 34; *Becker v. Knudson*, 86 Wis. 14; *Beckman v. Beckman*, 86 Wis. 655; *Salter v. Bank of Eau Claire*, 97 Wis. 87; *Morgan v. South Milwaukee L. V. Co.* 97 Wis. 275; *Stites v. Thompson*, 98 Wis. 330; *Perkins v. McAuliffe*, 105 Wis. 582.

This and other courts have held that the agreement distinctly stated in a deed cannot be contradicted or varied any more than in any other written instrument. *Powers v. Spaulding*, 96 Wis. 487, 489; *Unger v. Smith*, 44 Mich. 22; *Flynn v. Bourneuf, supra.*

Each of the cited cases, in principle, involved the precise question before us. In *Powers v. Spaulding* there was a covenant against all incumbrances except certain improve-

Desmond vs. McNamara and others.

ment taxes, which the grantee assumed and agreed to pay in place of the grantor. Evidence to show a parol agreement pursuant to which the deed was made, limiting the amount of the incumbrances for special assessments which the purchaser was to pay, was held inadmissible.

In *Flynn v. Bourneuf*, the deed contained a general covenant against incumbrances. Evidence to show that there was an oral agreement pursuant to which the deed was made, that the purchaser would pay a particular improvement tax lien on the property, was held inadmissible.

In *Unger v. Smith* the deed was made subject to a mortgage which the purchaser assumed and agreed to pay. Evidence to show that there was an oral agreement that the seller would furnish the money to the purchaser with which to pay off the incumbrance was held inadmissible. Such evidence, said the court, would be clearly inconsistent with the agreement contained in the deed.

The conclusion reached is that the agreement as to the $2,500 mortgage, evidenced by the deed, to the effect that at least no obligation should rest on the grantor to pay it for the benefit of his grantees, must stand as the entire contract between the parties on that subject. It is not open to variation or contradiction by parol evidence. When the second mortgage was given, which the respondents signed, they merely recognized and affirmed what they had previously agreed in writing to do.

*By the Court.*— The judgment against the appellant and in favor of respondents is reversed, and the cause remanded with directions to render judgment in favor of *Francis S. McNamara* against his codefendants for his costs and disbursements incurred in the trial of the issue raised by the answer of such codefendants and the appellant's answer thereto.