Wis.]                AUGUST TERM, 1900.                21

Twohy Mercantile Co. vs. Estate of McDonald and another.

Twohy Mercantile Company, Respondent, vs. Estate of
McDonald and another, Appellants.

*October 12 — October 30, 1900.*

(1, 2) *Payment: Receipt: Contradiction by parol: Court and jury.*
(3) *Evidence: Transactions with person since deceased.*

1. A written receipt, signed by a corporation and acknowledging pay-
ment of an account, though contradicted, after the death of the
debtor, by several witnesses, officers of the corporation, is *held* suf-
ficient evidence of payment to carry that question to the jury.
2. The words "Received payment in full," written at the foot of a bill
specifying the amount due, do not make it anything more than a
mere receipt, which may be explained, varied, or contradicted by
parol.
3. Officers of a corporation which is a party to an action in which the
opposite party derives his title or sustains his liability to the cause
of action from, through, or under a deceased person, are not incom-
petent under sec. 4069, Stats. 1898, to testify in respect to transac-
tions had by them personally with such deceased person.

Appeal from a judgment of the circuit court for Douglas
county: A. J. Vinje, Circuit Judge. *Reversed*.

Claim of plaintiff against McDonald's estate for a balance
of account, $667.52 and interest, for groceries, etc., furnished
by the plaintiff to the deceased and H. W. Moore as copart-
ners prior to April 1, 1893, to which the defense was the six-
year statute of limitations and payment. No proof of the
former was offered. Upon appeal from decision of the county
court, trial was had in the circuit court with a jury, whereon
was offered in evidence a receipt by the plaintiff, which was
found amongst the papers of the deceased, and was in the
following words:

"West Superior, Wis., Mch. 29, 1893.
"M. Pioneer Provision Co., West Superior, Wis.
        In account with Twohy Mercantile Co., Wholesale Grocers.
Mch. 28. To balance of acct...................... .......... $688 02
        To merchandise.
Mch. 28. Note due................................................ $501 54
    "Rec'd payment in full, Mch. 29, 1893.
                                "Twohy Merc. Co., by Forfar."

The plaintiff offered testimony of its officers to the effect that this receipt was given without any payment whatever to it, at the request of the deceased, McDonald, to facilitate him in settling with his other creditors; that the note therein mentioned was then held by a bank, and was paid to it by McDonald, but that the account mentioned in the receipt, which was identical with the one upon which the claim was based, had never been paid, nor any part thereof; that at the time of giving said receipt McDonald promised to pay the amount of the account later, and repeated that promise at various times afterwards. This evidence was objected to, and its admission is now assigned as error, both for the reason that it seeks to modify the written receipt or settlement, and that the officers of the plaintiff corporation are incompetent witnesses as against the estate. At the close of the evidence both parties moved for direction of verdict in their favor. Plaintiff's motion was granted, and verdict directed and returned for $983.98, from judgment upon which this appeal is brought.

For the appellants there was a brief by *H. W. Dietrich* and *C. R. Fridley,* and oral argument by *Mr. Fridley.*

For the respondent there was a brief by *Ross, Dwyer & Hile,* and oral argument by *W. D. Dwyer.*

Dodge, J. 1. The court below obviously erred in taking the case from the jury by directing a verdict for the plaintiff. The written receipt, at its least effect, was a clear, definite, and solemn admission by its maker that the amount of the debt had been paid. While it is undoubted law that a mere receipt is possible of explanation, or even of denial, by parol, it yet stands as a declaration against interest most unlikely to be made unless true, and not to be lightly brushed aside. 2 Jones, Ev. § 503; *Fuller v. Crittenden,* 9 Conn. 401. It stood so in this case, and, although several witnesses testified to the contrary in their own interest, the jury, as in-

telligent men, might well have believed that plaintiff's written declaration, given while both parties were alive, and allowed to be retained by the alleged debtor, was rather to be believed than the self-profiting testimony of those witnesses who had preserved silence for years and until death had closed the only mouth which could speak against them. The question should have been submitted to them. *Lewis v. Prien*, 98 Wis. 87, 89; *Thompson v. Brennan*, 104 Wis. 564, 568. For this error there must be reversal and new trial, in view of which other questions likely to arise thereon must be decided.

2. The appellants further contend that it was error to admit any evidence whatever to contradict the written receipt. The rule of law is well settled, not only in this state but elsewhere, that a mere receipt for money is open to explanation, and may be varied or contradicted by parol. It is, in effect, only an admission that money or some other specified thing has been received. *Catlin v. Wheeler*, 49 Wis. 523; *Crowe v. Colbeth*, 63 Wis. 643. No less well established, however, is the rule summarized in *Conant v. Estate of Kimball*, 95 Wis. 550, in the following words: "Where the instrument is in the form of, and contains all the elements of, a receipt, and also includes the elements of a contract, the latter is governed by the same rules as other contracts, and cannot be varied, explained, or contradicted by parol evidence, though it may be set aside and avoided for fraud or mistake." See, also, *Randall v. Reynolds*, 20 Jones & S. 145, 147; *Burke v. Ray*, 40 Minn. 34; *Chicago, M. & St. P. R. Co. v. Clark*, 178 U. S. 353; 2 Jones, Ev. §§ 502, 503. In the *Conant Case* it was pointed out that a document such as there presented, "Received of C. F. Kimball ten dollars in full of all demands to date," on its face expressed something more than a mere receipt. While it acknowledged the receipt of the $10, it also declared the agreement of the parties that all demands in favor of the signer were, for that

Twohy Mercantile Co. vs. Estate of McDonald and another.

consideration, discharged. The receipt before us, neither upon its face nor in the light of the attendant circumstances, expresses or indicates anything more than an acknowledgment of the receipt of the $1,189.56. Had that receipt read, "In consideration of a span of horses, payment in full is acknowledged," the same case as *Conant v. Estate of Kimball* would be before us. But in the ordinary custom of commerce the words, "Received payment in full," written at the foot of a bill specifying the amount due, ordinarily have no significance except to declare that the amount thereof has been in fact paid. They do not indicate an agreement on the part of the receiptor that by reason of the receipt of something else he has agreed that the bill shall be satisfied. So read, the paper presented is a mere receipt, a mere admission that so much money has been paid, and for that reason, if for no other, no error was committed in permitting the introduction of evidence to contradict the fact of payment thereby admitted. Of course, surrounding circumstances might be such as to render it clear that the words "Paid in full," or "Received payment in full," were intended to express an agreement of settlement or release, in which case the rule of *Conant v. Estate of Kimball, supra,* would control, but no such circumstances are here shown.

3. Another error assigned is to the overruling of objections under sec. 4069 to the competency of officers of the plaintiff corporation as witnesses to personal transactions by them with the deceased, McDonald. That question was settled in *In re Will of Bruendl,* 102 Wis. 45, 49, which is conclusive in favor of their competency.

*By the Court.*— Judgment reversed, and cause remanded for new trial.