SEEGER, Respondent, vs. MANITOWOC STEAM BOILER WORKS, Appellant.

*November 18—December 11, 1903.*

*Contracts: Receipts: Parol evidence.*

A writing—"Received $200 from S. to balance boiler account in full"—is a mere receipt, and parol evidence of a contemporaneous agreement that the boiler installed should remain in place for the purpose of giving the contractor an opportunity to remedy any defects and the purchaser to ascertain whether it satisfied the contract of purchase, is admissible.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This is an action against appellant, a corporation, to recover the sum of $300, with interest, paid to apply on a steam

heating boiler, if the same proved satisfactory and was accepted by respondent. The referee found the following facts:

'On February 6, 1895, appellant agreed to furnish and place a steam heating boiler . . . with jacket, grates, steam gauge, safety valve, water column and damper regulator, make all connections complete for the sum of $300.00. If boiler does not prove satisfactory, we agree to remove the same at our expense, replace the old boiler and make all connections. Terms of payment to be arranged after boiler has been accepted.'

This boiler was to be placed in the basement of respondent's two-story brick building, in the city of Manitowoc. It was to be used as the steam boiler of the heating plant, which was designed and constructed to heat all the rooms and offices in this building while used and occupied by respondent and his tenants. Appellant immediately thereafter placed this steam boiler in the basement of this building, and connected it with the heating plant. This was done in the latter part of the winter of 1895, and it was used by respondent up to December 16th, when he notified appellant that it was not satisfactory, and he could not accept it under the agreement. Respondent paid appellant the purchase price of the boiler—$100 April 6, 1895, and $200 December 16, 1895. When the last payment was made, the following written memorandum was signed and delivered:

"Dec. 16, 1895. Received $200.00 from Seeger Bros. to balance boiler account in full. Wm. J. Hess, M. S. B. Wks."

The referee found that at the time of this payment it was orally agreed between the parties that this payment should be received in full of the purchase price, but should not be deemed an acceptance of the contract, and that defects in construction and operation of the boiler should be remedied by appellant. Thereafter appellant operated the boiler, with the view of correcting such defects, up to some time in December, 1898, when all attempts to perfect it were aban-

doned, and respondent rejected it as unsatisfactory and as failing to comply with the agreement of purchase. Appellant avers that the boiler fulfilled the conditions of the contract in all respects, and that it was understood by the parties at the time of payment of the $200, on December 16, 1895, that he accepted it under the contract as satisfactory. The court sustained the referee's finding of facts, and awarded judgment thereon in favor of respondent for the sum demanded, with interest and costs, less the amount of appellant's counterclaim. From this judgment, this appeal is taken.

For the appellant there was a brief by *Markham & Markham* and *O'Connor, Schmitz & Wild,* and oral argument by *A. J. Schmitz.*

For the respondent there was a brief by *Nash & Nash,* and oral argument by *E. G. Nash.*

SIEBECKER, J.   Was it error for the trial court to receive testimony tending to show, when the receipt of December 16, 1895, for $200, "to balance boiler account in full," was executed, that the parties made a contemporaneous agreement to the effect that the receipt should not be deemed an acceptance of the boiler, and as not satisfactory to respondent under the contract of purchase?   The contention that the written receipt on its face imports more than a mere receipt seems not well founded.   The language, "to balance boiler account in full," in its natural and ordinary significance, when applied to the transaction it covers, means what is usually understood in affairs of a commercial nature by "received payment in full."   Such a receipt imports no more than that the amount of money specified was in fact received.   When language in a receipt of this nature is applied to transactions between parties, which, under the circumstances, covers some agreement in addition to the written admission that money was in fact paid, then the receipt may present elements of a contract,

and would then come within the rule that a written contract cannot be varied, contradicted, or modified by parol evidence. But no such situation is presented in this case. *Twohy M. Co. v. McDonald's Estate,* 108 Wis. 21, 83 N. W. 1107; *Tuley v. Barton,* 79 Va. 387; *White v. Merrell,* 32 Ill. 511. The contention that the receipt in question is like the one in the case of *Conant v. Kimball's Estate,* 95 Wis. 550, 70 N. W. 74, is not sustained. In that case the receipt for money was couched in language which, when applied to the surrounding facts and circumstances of the parties, showed it covered some agreement in addition to the fact of a payment of money, and therefore was treated as a written contract, and not open to explanation or contradiction by parol. See cases cited therein. The writing in the instant case must be held to be a mere receipt. In this view, it was competent for the parties to make an agreement to the effect that the boiler should remain in place for the purpose of giving appellant an opportunity to remedy any defects, and respondent to ascertain whether it would be satisfactory under the contract of purchase. *Johnson v. Pugh,* 110 Wis. 167, 85 N. W. 641.

Another exception urged is that the finding of the referee and court upon the subject of the contemporaneous agreement is contrary to the clear preponderance of the evidence, in that it fails to disclose any defect in the boiler at the time of the last payment, of December, 1895. An examination of the evidence convinces us that there is ample evidence sustaining these findings of the trial court. The record discloses that it was not seriously contested but that the boiler was defective. It shows appellant made repeated efforts, through a long period of time, after the last payment, to improve the grates in the boiler and substitute new ones. The evidence shows that the last payment was not to be deemed an acceptance of the boiler, and therefore justifies the finding of facts in this branch of the case.

*By the Court.*—The judgment is affirmed.