CHAPMAN, Respondent, vs. SCHROEDER, Appellant.

*November 14—December 4, 1917.*

*Contracts: Consideration: Recitals not conclusive: Reformation of instruments: When not necessary: Evidence: Sufficiency.*

In an action to recover $800, the rental specified in a lease of plaintiff's farm to defendant for fifteen months, the question being whether such rental was included in the sum of $2,100 which was named in a bill of sale as the consideration for which plaintiff sold to defendant the personal property on the farm, the recitals in said instruments as to consideration were not conclusive, and it was not necessary for defendant, in order to avail himself of the defense that the rental was included in said $2,100, to have the writings reformed, nor was it necessary for him to prove a mutual mistake by evidence so clear and satisfactory as to warrant a reformation.

APPEAL from a judgment of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Reversed.*

Action to recover $800 claimed to be due on a lease. Plaintiff and defendant are farmers. Plaintiff's wife had left him and he desired to sell the personal property upon

the farm and rent the farm, and he opened negotiations with the defendant to that end. As a result of the negotiations the parties entered into two written agreements, one a lease of the farm and the other a bill of sale of the personal property. In the bill of sale it was recited, "for and in consideration of $2,100 to him [plaintiff] paid by *Geo. W. Schroeder*, of the second part, receipt of which is hereby acknowledged, has bargained, sold, granted, transferred, assigned and conveyed," etc., followed by a description of the personal property, the bill of sale being in the usual form. The lease was also in the usual form, the part material here being as follows: "To have and to hold with appurtenances thereunto belonging for the term of one year and three months from the 15th day of December, 1914, for rent of $800 to be paid as follows, to wit: cash in advance." Plaintiff claimed that the $800 had never been paid and brought the action to enforce payment. The defendant claimed that the consideration recited in the lease was part of that recited in the bill of sale and that the whole amount thereof had been paid. Upon the trial it was established that the $2,100 had been paid and no more. A witness having been sworn and the defendant having attempted to show upon cross-examination the facts tending to establish his contention, the trial court was of the opinion, after statement of counsel for the defendant as to what they expected to prove, that defendant could present his claim only in the form of an equitable counterclaim, setting up all facts and asking for a reformation of the lease so as to show the actual intent and purpose of the parties. After some colloquy it was agreed by counsel, the court approving, that defendant's pleadings should be amended so as to present the equitable issue, but it was stipulated by the parties that the issue should be tried by a jury, and the trial proceeded accordingly. At the close of the testimony the court submitted the case to the jury upon a special verdict, in response to which the jury found that it was agreed between the par-

ties at the time the lease and bill of sale were signed that the $2,100 covered the consideration for the personal property and the rental of the farm. Plaintiff moved for judgment notwithstanding the verdict, and in the alternative to set aside the verdict and grant a new trial. The defendant moved for judgment upon the verdict. The trial court, being of the opinion that the question presented was one involving the reformation of a contract and that the evidence was not sufficiently clear and satisfactory to warrant reformation, gave judgment for plaintiff for $800 notwithstanding the verdict, and from such judgment defendant appeals.

The cause was submitted for the appellant on the brief of *C. J. Smith* of Viroqua, and for the respondent on that of *Donovan & Gleiss* of Tomah, attorneys, and *Grady, Farnsworth & Kenney* of Portage, of counsel.

ROSENBERRY, J. The first question is, Did the court err in ruling that the issue presented by the pleadings and evidence was one involving the reformation of a written instrument and in applying to the case the rules applicable thereto?

We think the issue presented was clearly one of fact and required no reformation of the writings made by the parties. The consideration of written contracts may always be inquired into. The sole question presented was, Did the $2,100 include the rental for the farm, as claimed by the defendant, or did the parties agree that the plaintiff should pay $2,100 for the personal property and an additional $800 for the lease? This controversy was determined by the jury in favor of the defendant. The trial court set the verdict aside, not because there was no evidence to sustain the verdict, but because there was not sufficient evidence to establish mutual mistake and therefore no ground for reformation of the contract, and held that the parties were bound by the recitals contained in the contracts as to the consideration and

that therefore there was no other issue for the court or jury to determine.

The principle governing this case is stated in *Jost v. Wolf,* 130 Wis. 37, 43, 110 N. W. 232, as follows:

"The recital that there has been paid a consideration and what that consideration was, is merely a statement of a fact theoretically necessary to exist in order that the conveyance might take effect, but which early became practically a mere immaterial fiction by reason of the rule that. the grantor's seal raised a conclusive presumption of a consideration sufficient to support the instrument. Hence one cannot deny existence of some consideration in order to defeat the conveyance. To that end, however, the correctness of the recital was and is wholly immaterial, and the authorities, practically without exception, recognize that it binds no one as to its correctness, but may be proved, *aliunde,* to have been greater or less or different in character, as property or services instead of money, and the like, so long as it is not inconsistent with the existence of some consideration to support the conveyance."

This was approved in *Bibelhausen v. Bibelhausen,* 159 Wis. 365, 150 N. W. 516. See, also, *Lathrop v. Humble,* 120 Wis. 331, 333, 97 N. W. 905; *Mueller v. Cook,* 126 Wis. 504, 509, 105 N. W. 1054.

In this case the sole dispute was as to the amount of the consideration and whether or not it had been paid. There was no attempt to set aside either the lease or the bill of sale or to deny their correctness in any particular excepting that relating to the consideration. The pleadings and evidence presented a square issue of fact which was determined by the jury in favor of the appellant. Without reciting it in full, we think there is ample evidence to sustain the verdict of the jury and that the motion of the defendant for judgment on the verdict should have been granted.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment on the verdict in accordance with this opinion.